UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
5:25-CR-13-KKC

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

**SENTENCING MEMORANDUM**

AMAAN L. SLEET                                                         DEFENDANT

******

Comes the Defendant, Amaan Sleet, by counsel, and for his Sentencing Memorandum, hereby states as follows:

INTRODUCTION

Mr. Sleet is currently before the Court after having taken responsibility for being in receipt of firearm while under Indictment pursuant to 18 U.S.C. §922(n). Based upon an adjusted offense level of 19 with a criminal history category of I, the recommended range of imprisonment is 30-37 months. The purpose of this Memorandum is to support a minimum guideline sentence of 30 months.

Nature and Circumstance of the Offense

On December 3, 2024, MR. Sleet was a rear passenger in a vehicle when the police attempted a traffic stop. There were two other individuals in the car, the individual driving and Mr. Sleet's Co-Defendant was in the front passenger seat. The driver of the vehicle did not stop but attempted to elude police. Eventually the car came to a stop at a local park and all three fled on foot. While fleeing, Mr. Sleet threw the gun he possessed on a roof of a house he was passing. Mr. Sleet and his codefendant were apprehended immediately after this. Mr. Sleet believes that the recommended guideline

range accurately reflects his possession of the weapon while under indictment in the Fayette Circuit Court.  The guidelines also properly take into account the fact that the gun had been stolen by adding two additional levels to his offense level.

History and Characteristics of Amaan Sleet

His history and characteristics, along with the request for correctional training set forth below, support a minimum sentence under the guidelines.  He is currently 23 years old and still has some growing up to do.  However, he does have family support to help him on his way.  His mother, Joyce Sleet, has been involved in Mr. Sleet's case since the beginning and has several conversations with Counsel about her son.  His Aunt Kelly Sleet wrote a very supportive letter for her nephew.  She describes him a good person who has made bad choices.  Although the Court sees the side of Mr. Sleet after committing an offense along with his pending charges, there is still the opposite side of the equation to see Mr. Sleet as kindhearted young man that does similar young person activities like playing video games and sports.  *See* Letter of Kelly Riley attached hereto as exhibit A.  His cousin Stephanie Riley also wrote a letter and describes has a smart young man.  *See* Letter from Stephinie Riley attached hereto as Exhibit B.

Both letters echo that Mr. Sleet's choice were influenced by his wish to belong by others.  However, as Ms. Sleet points out, many young men in Amaan's position feel trapped in the worst version of themselves.  Ms. Riley states that many of these children feel there is no hope for them and what they see is what they know.  Hopefully this experience and his time away with treatment will teach him that there is more to know than the street.

Mr. Sleet has experienced some brutal lessons in his life so far. In 2022, his half-brother died. In 2023, he had another half-brother killed by gun violence. In 2024, history repeated itself and he lost another brother to gun violence. As set forth in paragraph 47, he may have witnessed one of his brother's death. Naturally, he suffers from documented symptoms of anxiety, depression and PTSD. When he was in the Fayette County Detention Center he worked regularly with the mental health staff for coping skills and to help him sleep. He knows he could use help to deal with his traumatic memories to avoid only "knowing what he sees." He also has another older brother that is federal prison.

At age 17 and 18 he started to use drugs until he recognized that he was addicted to prescription pills. He tried to break free from this on his own accord on 2022, but he did not win that fight at the time.

It does appear that his cousin's words are true that he was trying to find a place to belong and fit in with a crowd of other young men, who likely experienced the same types of tragedies and cope with it by criminal activity and drugs. Not surprisingly, he was not alone in the car and was with two other young men in the case at bar. His one pending charge of wanton endangerment was allegedly committed with another individual. There are 13 other defendants in engaging in organized crime indictment.

However, it is important to note his age at the time these crimes were alleged to have been committed. He was 18 years old for the wanton endangerment and that case has been pending for 5 years. He was 19 when the gang related case began. This was four years ago. In 2024, the Commission promulgated Amendment 829 in relation to particularly youthful offenders:

  A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

  The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. Amendment 829. This amendment was based on expert testimony heard by the Commission. *See* U.S.S.C. 2024 Amendments in Brief Youthful Offenders found at ussc.gov. "Research has shown that brain development continues until the mid-20s on average, potentially contributing to impulsive actions and reward-seeking behavior, although a more precise age would have to be determined on an individualized basis." *See* Amendments to Sentencing Guidelines (Preliminary) April 17, 2024, found at ussc.gov.

## RESPECT FOR THE LAW, JUST PUNISHMENT AND DETERENCE

Even though it is clear that this young man was making bad choices, criminal even, in attempt to belong or to feel self-worth, the law does not abide by such. The law must be respected and other young men must be deterred from committing similar or more serious crimes involving guns. He understands that punishment is necessary. At 16, he spent about 6 months in Phased II probation. It appears he spent about three weeks in jail before posting bond in the two pending cases. However, since his arrest on December 4, 2024, in the state case related to the federal case before the Court, he has been incarcerated. This case has now been dismissed in lieu of the Federal charge. He has been imprisoned for a year now with more time to do after this Court sentences him. However, this will be the longest he has ever been in jail. At is age, a

sentence of 30 months, in conjunction with correctional treatment, is sufficient to send him a message and a message to others.

## RECOMMENDED TREATEMENT

First off, Mr. Sleet needs to treat his drug addiction so that he can focus on becoming a better person. Unfortunately, the BOP has determined that receipt of gun while under indictment is "crime of violence" and he will be ineligible for RDAP. Regardless, he will still have plenty of time to seek other available drug treatment. While working on this, he should also get his GED. His plans for supporting himself upon release are either to work at his prior job of lawn care or he want to start a pressure washing business. He should take advantage of vocational training that is available to give himself a leg-up when he is release. However, most importantly, he needs mental health treatment to deal with trauma that is causing him emotional pain. He both realizes he needs help and wants it.

## WAIVER OF FINE

Mr. Sleet requests that the Court waive the fine in his case. He has no assets. Furthermore, Counsel was appointed to represent him because of his status as indigent. Mr. Sleet is awaiting the results of DNA test to see if a one-year-old child is his. If it is his child, he plans to have a relationship with the child, as well as the mother, and care for it. After he pays his debt to society, he will be starting over with nothing. Therefore, it does not appear that Mr. Sleet has either the present or future ability to pay a fine and a fine will place a burden on the Defendant and his possible dependent. *See* U.S.S.G. §5E1.2(d) and at app. n. 3.

WHEREFORE, the defendant, Amaan Sleet, respectfully requests that his be sentence to 30 months.

Respectfully submitted,

s/ Jeffrey C. Rager
Jeffrey C. Rager
Rager Law Firm
jrager@ragerlawky.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing Motion has been served upon the AUSA G. Francisco Villalobos through the CM/ECF system on this the 12th day of September, 2025.

s/ Jeffrey C. Rager